**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DUJUAN LAMONT ADAMS,** ) | Case No. 4:09 CV 137 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **BENNIE KELLY, Warden,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Greg White ("R & R"). (**ECF No. 8**.) Therein, the Magistrate Judge recommends that the Court deny the underlying Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner DuJuan Lamont Adams ("Petition"). (**ECF No. 1**.) Adams has filed an Objection to the R & R. (**ECF No. 9**.) For the following reasons, the Court **OVERRULES** Adams' Objection, **ADOPTS** the R & R, and **DENIES** the Petition.

After a jury trial, Adams was convicted in state court of two counts of attempted murder with firearms specifications. He was sentenced to consecutive terms of ten years incarceration for each attempted murder conviction and consecutive terms of three years for each firearm specification – totaling 26 years in prison. On direct appeal, Adams' convictions were affirmed, but he successfully argued that the trial court erred when it imposed two separate

firearm specification sentences. *State v. Adams*, No. 00 CA 211, 2006 WL 890971 (Ohio App. 8 Dist. Mar. 31, 2006). Accordingly, the appeals court vacated the sentence and remanded the case for a new sentencing hearing pursuant to *State v. Foster*, 109 Ohio St.3d 1 (2006). Upon remand, the trial court held a hearing and resentenced Adams to consecutive terms of ten years imprisonment on each attempted murder count and one consecutive three-year term for the firearm specification – totaling 23 years in prison. Adams appealed the sentence, arguing that *Foster* violates both due process and the prohibition against ex post facto laws since he is now open to greater punishment than he was before *Foster*. The appeals court rejected the argument and affirmed the trial court's judgment. *State v. Adams*, No. 06 MA 179, 2007 WL 2892014 (Ohio App. 7 Dist. Sep. 21, 2007). Adams now argues that he was denied due process of law and his right to trial by jury when the state court retroactively imposed a non-minimum, consecutive prison term under *Foster*. He also argues that *Foster* violates ex post facto clause of the U.S. Constitution. (ECF No. 1.)

After reviewing the Petition, the Return of Writ and the Traverse, the Magistrate Judge wrote an extensive R & R addressing Adams' arguments and explaining its recommendation to the Court to deny the Petition. (ECF No. 8.) Adams has filed an Objection that essentially reiterates the arguments set forth in his Petition and Traverse – all of which are premised on his claim that, under Ohio law, he is entitled to receive the minimum, non-consecutive sentence for a first-time offender. The Court notes only that he was never <u>entitled</u> to receive the minimum, non-consecutive sentence for a first-time offender – before or after *Foster*, *Apprendi*, *Blakely* or *Booker*. Because the Magistrate Judge has already adequately addressed the arguments articulated in Adams' Objection in his R & R and there is nothing more this Court

can add, the Court hereby **OVERRULES** the Objection (**ECF No. 9**), **ADOPTS** the R & R (**ECF No. 8**) and **DENIES** the Petition (**ECF No. 1**). To the extent Adams is attempting to raise new unrelated claims in his Objection (see ECF No. 9, at 2), they are hereby dismissed as untimely. *See Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2006).

  **IT IS SO ORDERED.**

               */s/Dan A. Polster December 15, 2009*
               **Dan Aaron Polster**
               **United States District Judge**